# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL LEE BECKMAN,<br><br>Defendant. | Case No. 3:03-CR-00096-RRB<br><br>Opinion and Order Denying Amended Motion to Vacate Sentence |

## I.  INTRODUCTION

Before the Court is a 28 U.S.C. § 2255 petition filed by Petitioner Michael Lee Beckman. Beckman contends that "his sentence should be vacated and modified based on recent U.S. Supreme Court jurisprudence."[1] Specifically, Beckman claims that *Descamps v. United States*, _ U.S. _, 133 S.Ct. 2276 (2013), supports his previous argument, made at sentencing, that his "1982 state conviction for Burglary in the Second Degree did not qualify as a predicate violent felony under the Armed Career Criminal Act (ACCA) because the Alaska burglary statutes exceed the scope of the generic definition of 'burglary' applicable under the ACCA."[2] Beckman also claims that according to *Alleyne v. United States*, _ U.S. _, 133 S.Ct. 2151 (2013), the Sixth Amendment required that a

---

[1]Docket No. 46 at 2.

[2]*Id.*

1

jury, not a court, find the facts that led to his mandatory minimum sentence of fifteen years under the ACCA.[3]

After careful consideration, and in light of the discussion below, the Court concludes that neither *Descamps* nor *Alleyne* applies to Beckman's sentencing. Thus, the Amended Motion to Vacate Sentence is **DENIED**.

**II.    STANDARD OF REVIEW**

Under 28 U.S.C. § 2255(a):

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or that the sentence was in excess of the maximum authorized by law . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

**III.    BACKGROUND**

In April 2003, Beckman was indicted for being a Felon in Possession of a Firearm and for Possession of Stolen Firearms.[4] He subsequently pleaded guilty to both counts in July 2003.[5] At sentencing, Beckman's presentence report stated that he should be sentenced under the ACCA, with a mandatory minimum of fifteen years, based on three state-court convictions: second-degree burglary in 1982, first-degree burglary in 1985, and first-degree robbery in 1994.[6]

On December 8, 2003, "[t]he sentencing court applied a 'modified categorical' analysis to the issue and found that the indictment and judgment of conviction were sufficient to support a

---

[3]*See id.* at 3.

[4]*Id.* at 1.

[5]*Id.* at 2.

[6]Docket No. 50 at 3.

2

finding that [Beckman's] burglary conviction was a 'crime of violence' under the ACCA and sentenced [him] to 15 years imprisonment."[7]

"On appeal, the Ninth Circuit Court of Appeals affirmed the sentence."[8] The Ninth Circuit panel held "that the court correctly counted Beckman's 1982 conviction as a predicate 'crime of violence.'"[9] The Ninth Circuit affirmed the court's application of the modified categorical approach and held that both the Supreme Court and the Ninth Circuit have made clear that a burglary conviction under a nongeneric statute, such as Alaska's second-degree burglary statute, may qualify as a violent felony for purposes of the ACCA if the charging documents, in combination with a signed plea agreement, guilty pleas, transcript of plea proceedings, or judgment, reflect that the defendant pled guilty to a crime that contains all the elements of generic burglary.[10] The panel specifically found that the indictment relating to Beckman's 1982 conviction, together with the judgment of conviction, made it clear that the second-degree burglary conviction satisfied the generic definition of burglary.[11]

---

[7]Docket No. 46 at 2.

[8]*Id.*

[9]Docket No. 50 at 8.

[10]*Id.* at 9 (quoting *United States v. Beckman*, 140 F.App'x. 676, 677 (9th Cir. 2005)).

[11]*Id.*

3

## IV. DISCUSSION

### A. *Descamps* does not apply to Alaska's burglary statute.

Beckman argues that the law outlined in *Decamps* dictates that the application of the "modified categorical approach" in his case requires that he be resentenced.[12] However, the reasoning set out in *Descamps* applies only to "indivisible" statutes, not divisible statutes like Alaska's burglary statute.

Under the ACCA, if a person violates 18 U.S.C. § 922(g), Felon in Possession of a Firearm, and has three previous convictions by any court for a violent felony, such person shall be imprisoned not less than fifteen years.[13] According to 18 U.S.C. § 924(e)(2)(B), a "violent felony" is any crime punishable by imprisonment for a term exceeding one year that constitutes, *inter alia*, burglary. In other words, the ACCA "increases the sentences of certain federal defendants who have three prior convictions 'for a violent felony,' including 'burglary' . . . ."[14]

To determine whether a past conviction is for a violent felony courts use what has become known as the "categorical approach."[15] Under such an approach, the courts "compare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime— i.e., the offense as commonly understood."[16] "The prior conviction qualifies as an ACCA

---

[12] Docket No. 46 at 4.

[13] 18 U.S.C. § 924(e)(1) (2006).

[14] *Descamps*, 133 S.Ct. at 2281 (quoting § 924(e)(1)).

[15] *Id.*

[16] *Id.*

4

predicate only if the statute's elements are the same as, or narrower than, those of the generic offense."[17]

A variant of the "categorical approach" is "the 'modified categorical approach'—when a prior conviction is for violating a so-called 'divisible statute.'"[18] "That kind of statute sets out one or more elements of the offense in the alternative—for example, stating that burglary involves entry into a building or an automobile."[19] "If one alternative (say, a building) matches an element in the generic offense, but the other (say, an automobile) does not, the modified categorical approach permits sentencing courts to consult a limited class of documents . . . to determine which alternative formed the basis of the defendant's prior conviction."[20] "The court can then do what the categorical approach demands: compare the elements of the crime of conviction (including the alternative element used in the case) with the elements of the generic crime."[21]

In *Descamps*, the Supreme Court was tasked with deciding whether sentencing courts could employ the modified categorical approach when a defendant is convicted under an *indivisible* statute.[22] After reviewing the California statute at issue, the Court held "that sentencing courts may not apply the modified categorical approach when the crime of which the defendant was convicted

---

[17]*Id.*

[18]*Id.*

[19]*Id.*

[20]*Id.*

[21]*Id.*

[22]*Id.* at 2281-82.

has a single, indivisible set of elements."²³ The Court explained that unlike in a divisible statute where certain offense elements are listed in the alternative, the statute at issue in *Descamps* defined burglary more broadly than the generic offense.²⁴ The Court reasoned that "if the statute sweeps more broadly than the generic crime, a conviction under that law cannot count as an ACCA predicate, even if the defendant actually committed the offense in its generic form. The key . . . is elements, not facts."²⁵ Thus, the Supreme Court in *Descamps* determined that the modified approach could not convert the defendant's burglary conviction into an ACCA predicate.²⁶

Here, Beckman takes issue with his 1982 state burglary conviction under AS 11.46.310(a), which states that "[a] person commits the crime of burglary in the second degree if the person enters or remains unlawfully in a building with intent to commit a crime in the building." At first blush, the Alaska statute appears to define burglary with a single, indivisible set of elements. However, upon closer inspection of the relevant statutory definitions, the word "'building', in addition to its usual meaning, includes *any propelled vehicle* . . . adapted for overnight accommodation of persons or for carrying on business . . . ."²⁷ Thus, a person could be convicted of violating the burglary statute under which Beckman was convicted by entering or remaining unlawfully in *either a building or a vehicle*. Consequently, because the Alaska statute lists one of its elements in the alternative,

---

²³*Id.*

²⁴*Id.* at 2283 (the statute was defined "so broadly as to include shoplifting." (internal quotation marks omitted)).

²⁵*Id.*

²⁶*Id.*

²⁷AS 11.81.900(b)(5) (2012) (emphasis added).

6

according to *Descamps*, the statute is *divisible*, and as such, Beckman's sentencing court was permitted to use the modified categorical approach in determining whether or not Beckman's 1982 burglary conviction counted as an ACCA predicate. Indeed, when explaining when courts *should* use the modified categorical approach, the Supreme Court anticipated this very scenario.[28]

Therefore, because AS 11.46.310(a) is a divisible statute, the recent precedent of *Descamps*, explaining that the modified categorical approach cannot be applied to an indivisible statute to determine if a conviction under such statute counts as an ACCA predicate, does not apply to Beckman's sentencing vis-à-vis his 1982 state second-degree burglary conviction. Beckman's sentencing court did not err in applying the modified categorical approach when setting Beckman's mandatory minimum sentence at fifteen years under the ACCA. Nor did the Ninth Circuit commit error in affirming the sentence.

---

[28]*Descamps*, 133 S.Ct. at 2283-84 ("We hypothesized a statute with alternative elements—more particularly, a burglary statute (otherwise conforming to the generic crime) that prohibits *entry of an automobile as well as a building*. One of those alternatives (a building) corresponds to an element in generic burglary, whereas the other (*an automobile*) does not." (emphasis added) (internal quotation marks omitted)); *United States v. Grisel*, 488 F.3d 844, 847-49 (9th Cir. 2007) ("The Court noted that a few states define burglary more broadly than generic burglary by including places, such as automobiles and vending machines, other than buildings." (internal quotation marks omitted)); *United States v. Bonat*, 106 F.3d 1472, 1475 (9th Cir. 1997) ("[I]f a burglary statute allowed conviction if a defendant unlawfully entered either an automobile or a building with the intent to commit a crime, that statute would be too broad because it did not require that the defendant enter a building or other structure."). The basic elements of generic burglary are (1) unlawful or unprivileged entry into, or remaining in, (2) a building or structure, (3) with intent to commit a crime. *Descamps*, 133 S.Ct. at 2283.

**B.      *Alleyne* does not require sentencing factors analyzed under the modified categorical approach to be found by a jury**.

Beckman next contends that, according to *Alleyne*, the facts supporting the imposition of his mandatory minimum sentence of fifteen years under the ACCA should have been "found by a jury under the Sixth Amendment."[29] The Court disagrees.

In *Alleyne*, the petitioner's five-year mandatory minimum sentence for using or carrying a firearm in relation to a crime of violence was increased to seven years when the district court found that the petitioner had brandished his firearm.[30] The presentence report recommended the seven-year sentence, but the jury had not found "brandishing" beyond a reasonable doubt.[31] The Supreme Court held that it was error for the petitioner's mandatory minimum sentence to be increased without the underlying fact supporting such increase going before the jury.[32] The Court reasoned that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury."[33] "Juries must find any facts that increase either the statutory maximum or minimum because the Sixth Amendment applies where a finding of fact both alters the legally prescribed range and does so in a way that aggravates the penalty."[34] "[T]he essential Sixth Amendment inquiry is whether a fact is an element of the crime. When a finding of fact alters the legally prescribed punishment so as to

---

[29]Docket No. 46 at 3.

[30]*Alleyne*, 133 S.Ct. 2152.

[31]*Id.*

[32]*Id.* at 2155.

[33]*Id.*

[34]*Id.* at 2161 n. 2.

8

aggravate it, the fact necessarily forms a constituent part of a new offense and must be submitted to the jury."[35] In sum, the Supreme Court in *Alleyne* took the Sixth-Amendment factual requirements of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and applied them to mandatory minimum sentences.

Yet, the Supreme Court also explained what its ruling in *Alleyne* did not entail: "Our ruling today does not mean that any fact that influences judicial discretion must be found by a jury."[36] A "finding of fact [that] both alters the legally prescribed range and does so in a way that aggravates the penalty . . . is distinct from factfinding used to guide judicial discretion in selecting a punishment 'within limits fixed by law.'"[37] "While such findings of fact may lead judges to select sentences that are more severe than the ones they would have selected without those facts, the Sixth Amendment does not govern that element of sentencing."[38] "[B]road sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment."[39] "[W]ithin the limits of any discretion as to the punishment which the law may have allowed, the judge, when he pronounces sentence, may suffer his discretion to be influenced by matters shown in aggravation or mitigation, not covered by the allegations of the indictment."[40] "[E]stablishing what punishment is available by

---

[35]*Id.* at 2162-63.

[36]*Id.* at 2163.

[37]*Id.* at 2161 n. 2 (quoting *Williams v. New York*, 337 U.S. 241, 246 (1949)).

[38]*Id.*

[39]*Id.* at 2163.

[40]*Id.* (internal quotation marks omitted) (quoting 1 J. Bishop, *Criminal Procedure* § 85, p. 54 (2d ed. 1872).

9

law and setting a specific punishment within the bounds that the law has prescribed are two different things."[41] The Supreme Court's decision in *Alleyne* "is wholly consistent with the broad discretion of judges to select a sentence within the range authorized by law."[42]

Additionally, the fact of a prior conviction *does not* need to be submitted to a jury and proven beyond a reasonable doubt.[43] Moreover, the "modified categorical approach merely assists the sentencing court in identifying the defendant's crime of conviction, as we have held *the Sixth Amendment permits*."[44] "[T]he modified approach serves a limited function: It helps effectuate the categorical analysis when a divisible statute, listing potential offense elements in the alternative, renders opaque which element played a part in the defendant's conviction."[45]

> Applied in that way—which is the only way we have ever allowed—the modified approach merely helps implement the categorical approach when a defendant was convicted of violating a divisible statute. The modified approach thus acts not as an exception, but instead as a tool. It retains the categorical approach's central feature: a focus on the elements, rather than the facts, of a crime. And it preserves the categorical approach's basic method: comparing those elements with the generic offense's. All the modified approach adds is a mechanism for making that comparison when a statute lists multiple, alternative elements, and so effectively creates "several different . . . crimes."[46]

---

[41]*Id.* (internal quotation marks omitted) (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 519 (2000) (Thomas, J., concurring).

[42]*Id.*

[43]*United States v. Sanchez-Cervantes*, 282 F.3d 664, 666-67 (9th Cir. 2002) (quoting *Apprendi*, 530 U.S. at 490).

[44]*Descamps*, 133 S.Ct. At 2288-2289.

[45]*Id.* at 2283.

[46]*Id.* at 2285 (quoting *Nijhawan v. Holder*, 557 U.S. 29, 41 (2009)).

However, "[b]ecause a sentencing court's finding of a predicate offense under the Armed Career Criminal Act 'indisputably increases the maximum penalty,' such a finding would 'raise serious Sixth Amendment concerns if it went beyond merely identifying a prior conviction.'"[47]

Here, Beckman's sentencing court used the modified categorical approach in exactly the way permitted by the Sixth Amendment and by the Supreme Court. Because Beckman's 1982 second-degree burglary conviction was based on a divisible Alaska statute, the sentencing court employed the modified categorical approach in order to perform the simple, unobtrusive task of determining whether or not Beckman had pleaded guilty to all of the elements of generic burglary. The sentencing court used such approach merely to identify Beckman's prior conviction, a use that is allowed and contemplated by the Supreme Court in both *Descamps* and *Alleyne*. Hence, the facts supporting the imposition of Beckman's mandatory minimum sentence did not have to be submitted to a jury and proven beyond a reasonable doubt.

V. **CONCLUSION**

For the foregoing reasons, Petitioner's Amended Motion to Vacate Sentence at **Docket Number 46** is **DENIED**.[48] Additionally, Petitioner's Motion to Vacate Sentence at **Docket Number 43** is **DENIED** as moot.

**ORDERED** this 28th day of February, 2014.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[47]*United States v. Bell*, Nos. CR 09–14–H–DWM, CV 13–47–H–DWM, 2013 WL 6190281, at *8 (D. Mont. Nov. 26, 2013) (quoting *Descamps*, 133 S.Ct. at 2288).

[48]Because the Court concludes that neither *Descamps* nor *Alleyne* applies in Beckman's case, the Court does not need to reach the retroactivity issue.